UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY M. KOVALA, | : | |
|     Plaintiff | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| WILLIAM M. STEELE, STEPHEN S., | : | 1:09-cv-00801 |
| SNOOK, BARRY HOWE, and CHIEF | : | |
| WILLIAM HERKERT, | : | |
|     Defendants | : | |

### MEMORANDUM

**Stengel, J.**                                                                                                                   May 11, 2011

      Currently pending before the Court is a motion for summary judgment filed by William Steele, Barry Howe, and William Herkert. The motion seeks summary judgment on Gary Kovala's[1] Fourth Amendment malicious prosecution claim against all three defendants and his Fourteenth Amendment interference with custody and care of one's children claim against Officer Steele. The parties have fully briefed the motion and it is now ripe for disposition. For the reasons that follow, I will grant Defendants' motion in full.[2]

---

[1] Plaintiff's name is spelled "Gary M. Kovala" in the caption of this case and throughout the initial complaint. However, in his subsequent filings, Plaintiff refers to himself as "Gary M. Kavala." The proper procedure to correct a misspelling of a party's name on the docket is by motion to amend the caption. For purposes of resolving the present motion for summary judgment, I will refer to Plaintiff as his name is spelled on the docket.

[2] On March 24, 2011, this case was transferred from the docket of the Honorable Yvette Kane to my docket.

## I.   BACKGROUND

### A.   Undisputed Facts

On January 18, 2007, a computer repairman informed police that he had found nude images of a "female juvenile" on a computer owned by Daniel Sharps.[3]  At least one of the images found was focused on the female juvenile's "crotch/genital area."  See Appendix of Exhibits at Exh. 1 at 41-42.  The repairman also reported finding images of a "male juvenile," who in one photograph was nude "and covering his genital area with his hands."  Id.  Based on this information the police began an investigation of Mr. Sharps and, after securing a warrant, conducted a search of his residence on January 18, 2007.  Id. at 42-43.  When questioned, Mr. Sharps told police that the nude photographs of the female juvenile on his computer were photographs of his daughter.  Id.  On January 25, 2007, the police examination of a computer taken from the Sharps residence confirmed the presence of "several photos of a young female in various stages of dress and posing for photos.  The young female was shown exposing her genitals, standing in a bath tub totally nude, posing with an older female where she and the older female are both nude and partially dressed."  Id. at 43.

On January 20, 2007, an individual contacted the police to inform them that Mr. Sharps had given a computer to Mr. Kovala.  See Appendix of Exhibits at Exh. 1 at 44.  Police interviewed Mr. Kovala's former wife who informed police that Mr. Sharps had

---

[3] Appendix of Exhibits in Support of Motion of Defendants William Steele, Williams Herkert, and Barry Howe for Summary Judgment at Exh. 1 at 41-42, Kovala v. Steele, No. 09-00801 (M.D. Pa. filed Jan. 21, 2011).

2

been spending time at Mr. Kovala's residence.  Id. at 45.  Based on this information the police secured a search warrant and conducted a search of Mr. Kovala's residence on January 20, 2007, where they recovered a computer and other items.  Id. at 46.  Officer Thomas Laino filed an incident report on February 10, 2007, indicating that he located picture and movie files of suspected child pornography on a computer recovered from Mr. Kovala's residence.  See Appendix of Exhibits at Ex. 2.

Officer Steele prepared a police criminal complaint and affidavit of probable cause in support of that complaint alleging that Mr. Kovala was guilty of violating 18 Pa. Cons. Stat. § 6312(d).[4]  In determining what charges to bring against Mr. Kovala, Officer Steele consulted with District Attorney Stephen Snook.[5]  District Attorney Snook instructed Officer Steele that probable cause existed to file a police criminal complaint charging Mr. Kovala with a violation of 18 Pa. Cons. Stat. § 6312(d).  There is no allegation, supported or unsupported, that Officer Steele made any misrepresentation to District Attorney Snook when consulting with him regarding the appropriate charges to bring against Mr. Kovala. On April 30, 2007, Magistrate Judge Tammy L. Hunter issued a warrant for Mr. Kovala's

---

[4] Plaintiff's Counterstatement of Material Facts at ¶ 6, Kavala v. Steele, No. 09-801 (M.D. Pa. filed Feb. 4, 2011).

[5] Statement of Material and Undisputed Facts of Defendants William Steele, William Herkert and Barry Howe at ¶ 8, Kavala v. Steele, No. 09-801 (M.D. Pa. filed Jan. 21, 2011); Plaintiff's Counterstatement at ¶ 8; Appendix of Exhibits at Exh. 3; Plaintiff's Exhibit in Support of His Brief in Opposition to Defendants Motion for Summary Judgment at Ex. 3 at 58-62 Kavala v. Steele, No. 09-801 (M.D. Pa. filed Feb. 4, 2011).

arrest.[6]

On April 3, 2008, Judge Rick Williams of the Court of Common Pleas of Mifflin County, held a pretrial suppression hearing regarding the validity of the search warrant issued for Mr. Kovala's residence as well as Mr. Kovala's habeas corpus petition. See Plaintiff's Exhibits at Exh. 2.  Following the hearing, Judge Williams issued an order quashing the search warrant of Mr. Kovala's home for a lack of probable cause and excluding the evidence obtained therein. See Plaintiff's Exhibits at Exh. 1.  Judge Williams held that because the affidavit of probable cause in support of the search warrant neither indicated the age of the suspected victim nor alleged that Mr. Kovala knowingly possessed the suspected images the search warrant must be quashed. Id.  After suppressing the evidence collected as a result of the search, Judge Williams granted Mr. Kovala's motion for habeas corpus and dismissed the charge of possession of child pornography. Id.

### B. Procedural History

Mr. Kovala filed a complaint against Officer Steele, District Attorney Snook, Officer Barry Howe, and Chief William Herkert on April 29, 2009.  District Attorney Snook filed a motion to dismiss on July 23, 2009.  Officer Steele, Officer Howe, and Chief Herkert filed a joint motion to dismiss on July 24, 2009.  Following briefing by the parties, the Honorable Yvette Kane granted District Attorney Snook's motion to dismiss in its

---

[6] Motion to Dismiss of Defendant Snook at Exh. C, Kavala v. Steele, No. 09-801 (M.D. Pa. filed July 23, 2009).

entirety and granted the remaining Defendants' motion to dismiss in part.  Mr. Kovala was granted leave to file an amended complaint, but he declined to do so.  The only counts remaining in this action are a Fourth Amendment malicious prosecution claim against Officer Steele, Officer Howe, and Chief Herkert and a Fourteenth Amendment interference with custody and care of one's children claim against Officer Steele.  Following discovery, defendants moved for summary judgment on the remaining claims.

## II.   STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. &

Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex, 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

### III. DISCUSSION

Following the Court's ruling on defendants' motion to dismiss, all claims raised by Mr. Kovala were dismissed with the exception of a Fourth Amendment malicious prosecution claim against Officer Steele, Officer Howe, and Chief Herkert and a Fourteenth Amendment interference with custody and care of one's children claim against

Officer Steele.   Defendants now move for summary judgment on each of these claims. Chief Herkert and Officer Howe argue that Mr. Kovala has presented no evidence connecting their actions to Mr. Kovala's malicious prosecution claim.   Regarding the malicious prosecution claim against Officer Steele, Officer Steele argues Mr. Kovala has failed to establish all elements of the claim or, in the alternative, that Officer Steele is entitled to qualified immunity.   Finally, Officer Steele argues that Mr. Kovala's Fourteenth Amendment claim must fail because he has failed to offer any evidence in support of this claim.

      **A.**      **Defendants Herkert and Howe**

Mr. Kovala brought a Fourth Amendment malicious prosecution claim pursuant to 42 U.S.C. § 1983 against Chief Herkert and Officer Howe.   Chief Herkert and Officer Howe argue that Mr. Kovala has no evidence that they were personally involved in prosecuting Mr. Kovala.   Where, as here, the party opposing a motion for summary judgment bears the ultimate burden of proof on an issue at trial, the moving party discharges its burden by "pointing out" to the court that there is an absence of evidence supporting the nonmoving party's claim.   <u>Conoshenti</u>, 364 F.3d at 140.   The non-moving party then must identify evidence of record that creates a genuine issue of material fact if it is to survive summary judgment.   <u>Childers v. Joseph</u>, 842 F.2d 689, 694-95 (3d Cir. 1988).

To establish a claim of malicious prosecution under Section 1983, a plaintiff must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). Upon a review of the exhibits attached to Mr. Kovala's statement of material facts I am unable to identify what, if anything, Chief Herkert is alleged to have done in connection with the present claim.  Indeed, the only allegation of any kind made against Chief Herkert in this litigation related to the malicious prosecution claim is one bald, unsupported statement contained in the complaint that fails to even rise to the level of plausibility required at the motion to dismiss stage.[7]  Likewise, although Mr. Kovala does include exhibits indicating that Officer Howe was involved in the initial investigation, no evidence has been produced that bears any relevance to the claim of malicious prosecution. Accordingly, because Mr. Kovala has not produced any evidence supporting a prima facie case of malicious prosecution against Chief Herkert and Officer Howe, I will grant their motion for summary judgment.

---

[7] The Complaint states Chief Herkert "violated plaintiff's rights [sic] to be free of unlawful arrest and malicious prosecution."  Complaint at ¶ 23, Kovala v . Steele, No. 09-801 (M.D. Pa. filed Apr. 29, 2009).

### B.     Officer Steele's Fourth Amendment Claim

Mr. Kovala also raises a Fourth Amendment malicious prosecution claim against Officer Steele.[8]  Officer Steele raises two arguments in support of his motion for summary judgment on Mr. Kovala's malicious prosecution claim.  First, he asserts that Mr. Kovala has failed to establish that the arrest lacked probable cause or that Officer Steele acted with malice or with a purpose other than bringing Mr. Kovala to justice.  As such, Officer Steele argues that Mr. Kovala has failed to establish all elements of the malicious prosecution claim.  Second, Officer Steele argues that, regardless of the merits of the underlying claim, he is entitled to qualified immunity for his actions in initiating the criminal prosecution against Mr. Kovala.  For the reasons that follow, I conclude that Officer Steele is entitled to qualified immunity and will therefore grant his motion for summary judgment on this basis.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether an official is entitled to qualified immunity the Court must determine: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right; and (2) whether the law was clearly established at the time of the

---

[8] The complaint makes two allegations that bear on the claim: (1) that Officer Steele "brought unlawful criminal charges lacking in probable cause"; and (2) that Officer "violated [P]laintiff's rights [sic] to be free of unlawful arrest and malicious prosecution."  However, as noted in the November 9, 2009 order, Officer Steele did not specifically move to dismiss the malicious prosecution claim raised against him in his motion to dismiss.

violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Although at one time trial courts were required to consider these questions sequentially, the Supreme Court now permits trial courts "to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 818 (2009).

This case warrants the exercise of the Court's discretion to consider the second Saucier prong – whether the law was clearly established – before considering the first prong. Pearson, 129 S. Ct. at 820 (noting that when confronted with "cases in which briefing of constitutional questions is woefully inadequate" the first step of the Saucier procedure "may create a risk of bad decisionmaking"). In determining whether a right is clearly established, the relevant inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. Further, the United States Court of Appeals for the Third Circuit has instructed:

> [A] police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from Fourth Amendment claims premised on a lack of probable cause. That reliance must itself be objectively reasonable, however, because "a wave of the prosecutor's wand cannot magically transform an unreasonable probable cause determination into a reasonable one." [Cox v. Hainey, 391 F.3d 25, 34 (1st Cir. 2004).] Accordingly, a plaintiff may rebut this presumption by showing that, under all the factual and legal circumstances surrounding the arrest, a reasonable officer would not have relied on the prosecutor's advice.

Kelly v. Borough of Carlisle, 622 F.3d 248, 256 (3d Cir. 2010).

The qualified immunity inquiry here centers on the question of whether Mr. Kovala's arrest was supported by probable cause. Whether a particular set of facts suggests "that an arrest is justified by probable cause requires an examination of the elements of the crime at issue." Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005). Pennsylvania's child pornography statute contains three elements: "There must be a depiction of an actual child engaged in a prohibited sexual act or simulation of such act; the child must be under the age of 18; and the defendant must have possessed or controlled the depiction knowingly." Commonwealth v. Koehler, 914 A.2d 427, 436 (Pa. Super. Ct. 2006); see also 18 Pa. Cons. Stat § 6312(d).

In the instant matter, the undisputed facts establish that Officer Steele consulted with District Attorney Snook in determining what charges to file against Mr. Kovala. Following their discussions, District Attorney Snook instructed Officer Steele that probable cause existed to file a police criminal complaint charging Mr. Kovala with a violation of 18 Pa. Cons. Stat. § 6312(d). There is no allegation, supported or unsupported, that Officer Steele made any misrepresentation to District Attorney Snook when consulting with him regarding the appropriate charges to bring against Mr. Kovala.[9]

---

[9] As explained by the Third Circuit:

> When a plaintiff in a § 1983 action alleges misrepresentation and omissions in the affidavit of probable cause, the plaintiff must satisfy the two part-test developed in Franks v. Delaware, 438 U.S. 154 (1978). Under step one, the plaintiff must show "that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant." Second, and of significance here, the

Accordingly, Officer Steele's decision to file a police criminal complaint charging Mr. Kovala with possession of child pornography in reliance on District Attorney Snook's advice is presumptively entitled to qualified immunity provided that a reasonable officer would have relied on that advice.  See Kelly, 622 F.3d at 256.

Upon review of the undisputed facts and the attendant circumstances, I find that a reasonable officer would have relied on District Attorney Snook's advice.  The undisputed evidence showed that Mr. Kovala received a computer from Mr. Sharps who admitted to possessing photographs of a juvenile female, identified by Mr. Sharps as his underage daughter.  At least two individuals who saw the photographs, the computer repairman and Officer Laino, stated that the images in question may constitute child pornography.  Multiple witnesses stated that Mr. Kovala, in addition to receiving a computer from Mr. Sharps, had a relationship with him and permitted Mr. Sharps to stay at his residence.  After conducting a search of Mr. Kovala's home, the police recovered a

---

> plaintiff must show that such statements or omissions are material, or necessary, to the finding of probable cause.  In determining materiality . . .  falsehoods are excised, and the omissions are added to the original affidavit by supplying the omitted information to determine whether probable cause existed.

Skunda v. Pa. State Police, 47 F. App'x. 69, 71 (3d Cir. 2002) (internal citations omitted). Although Mr. Kovala emphasizes that Officer Steele's affidavit of probable cause contained material omissions, he only alleges that Officer Steele excluded inculpatory information from his affidavit of probable cause.  Specifically, Mr. Kovala alleges Officer Steele failed to include an "extremely relevant and incriminating" statement by Mr. Kovala's son that Mr. Kovala had photographs of Mr. Sharps's daughter on his computer.  There is no indication that Officer Steele excluded any exculpatory information from his affidavit of probable cause.  Because the alleged omissions are inculpatory, rather than exculpatory, including the omissions would only serve to bolster the finding of probable cause.

computer. Officer Laino filed an affidavit that the computer recovered from Mr. Kovala's home contained images of suspected child pornography.

Although these undisputed facts alone do not conclusively establish guilt, the probable cause inquiry is not focused on whether Officer Steele and District Attorney Snook "correctly resolve[d] conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." Wright, 409 F.3d at 603. Rather, an arrest was made with probable cause if "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964) (citing Brinegar v. United States, 338 U.S. 160, 175-76 (1949)); Wright, 409 F.3d at 602. I find a reasonable officer relying on the advice of a district attorney could have concluded that probable cause existed. Even conceding Mr. Kovala's contention that the photographs in question do not exist, Officer Steele and District Attorney Snook could reasonably have relied on the report of Officer Laino, which reported the presence of "suspected child pornography" on computers recovered from Mr. Kovala's home, in concluding that the first two elements of 18 Pa. Cons. Stat. § 6312(d) were satisfied. In addition, Officer Steele could reasonably have concluded, based on "the totality of the circumstances," that if the images were on a computer possessed by Mr. Kovala in Mr. Kovala's home that he had knowledge that he was in possession of the child pornography. Accordingly, because District Attorney Snook's instruction regarding the appropriate charge was reasonable and Officer Steele

had a reasonable basis for concluding the same, I find that Mr. Kovala has failed to rebut the presumption that Officer Steele's reliance on District Attorney Snook's advice was reasonable.[10]  Therefore, qualified immunity must protect Officer Steele from liability for these charges.

### C.    Officer Steele's Fourteenth Amendment Claim

Mr. Kovala's final claim is a Fourteenth Amendment claim premised on the theory that Officer Steele interfered with Mr. Kovala's custody and care of his children. Specifically, Mr. Kovala's complaint alleges that Officer Steele told Mr. Kovala's former wife that if she let Mr. Kovala see their children she would be deemed an unfit mother and their children would be taken by "child welfare."  In his motion for summary judgment, Officer Steele argues that Mr. Kovala has failed to put forth any competent evidence in support of this claim.  As previously noted, where the party opposing a motion for summary judgment bears the ultimate burden of proof on an issue at trial, the moving party discharges its burden by "pointing out" to the court that there is an absence of evidence supporting the nonmoving party's claim.  Conoshenti, 364 F.3d at 140.  The non-moving party then must identify evidence of record that creates a genuine issue of material fact if it

---

[10] There was ultimately a ruling that the charge was unsupported by probable cause after the evidence obtained in the search of Mr. Kovala's home was suppressed.  However, that the evidence later was suppressed does not vitiate its relevance to the malicious prosecution claim. See Hector v. Watt, 235 F.3d 154, 157 (3d Cir. 2000) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." (quoting Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999)).

is to survive summary judgment. <u>Childers</u>, 842 F.2d at 694-95. Officer Steele has produced sworn statements from Mr. Kovala's former spouse and from Officer Steele, both of whom deny Mr. Kovala's allegation.

Mr. Kovala fails to offer any competent testimony in support of his theory. Mr. Kovala admits he was not present when the alleged statements were made by Officer Steele. Mr. Kovala admits that he has no evidence to support his theory that these statements were made other than the statements of his former wife and step-daughter. However, Mr. Kovala fails to produce any statements to this effect, and the only statement of record from his ex-wife directly contradicts Mr. Kovala's statement. All evidence in the record from parties with personal knowledge directly contradicts Mr. Kovala's theory. In sum, Officer Steele has pointed out the absence of evidence supporting Mr. Kovala's position. Mr. Kovala has only responded with hearsay, which does not create an issue of material fact. Fed. R. Civ. P. 56(c)(2); <u>see also</u> <u>Pamintuan</u>, 192 F.3d at 387. Accordingly, I will grant Officer Steele's motion for summary judgment on this issue.

## IV.    CONCLUSION

Defendants have filed for summary judgment on each claim remaining in this cause of action. The claims of malicious prosecution must be dismissed as to Officer Howe and Chief Herkert because Mr. Kovala has failed to point to any evidence suggesting their personal involvement in Mr. Kovala's prosecution. Likewise, Mr. Kovala is unable to identify any evidence in support of his Fourteenth Amendment claim against Officer Steele, and indeed, all the evidence directly contradicts Mr. Kovala's claim. Finally, Mr.

Kovala's claim of malicious prosecution against Officer Steele must fail because Officer Steele acted in reasonable reliance on District Attorney Snook's determination that probable cause existed to charge Mr. Kovala with possession of child pornography. Accordingly, Officer Steele is entitled to qualified immunity on this claim. Therefore, I will grant summary judgment on all remaining claims.

     An appropriate order follows.